### READ PRINTING CO. v. J. J. LITTLE & IVES CO.

(Supreme Court, Appellate Term, First Department. March 5, 1914.)

ACCORD AND SATISFACTION (§ 9*)—COMPROMISE AND SETTLEMENT (§ 5*)—RETENTION OF CHECK.

Where, a dispute having arisen as to the state of the parties' account, defendant prepared a statement in accordance with his understanding, and forwarded it with his check, stated to be in settlement of his account, to plaintiff, the retention and conversion into cash of the check, after defendant again, and on plaintiff demanding more, stated it was sent in full settlement, was an accord and satisfaction.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 88–91; Dec. Dig. § 9;* Compromise and Settlement, Cent. Dig. §§ 10–16; Dec. Dig. § 5.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Read Printing Company against the J. J. Little & Ives Company. From a judgment for plaintiff, defendant appeals. Reversed and dismissed.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

Bridges, Bacon & Jones, of New York City (Henry W. Bridges, of New York City, of counsel), for appellant.

Samuel Wasserman, of New York City, for respondent.

GUY, J.　Defendant appeals from a judgment in favor of plaintiff after trial before the court, without a jury, in an action brought to recover a balance due for goods sold and delivered.　A dispute arose as to certain items, first, whether the last bill rendered by plaintiff should be $136 or $130, next as to a discount of $10 claimed by defendant.　(See S. M. page 4.)　A representative of plaintiff called at defendant's office, and, as a result of a conversation held by him with defendant, a statement of account was prepared by defendant in accordance with defendant's understanding and forwarded by defendant to plaintiff with a check stated by defendant to be in settlement of account, and that plaintiff fully understood the purpose for which the check was sent is shown by the fact that, on the same day, plaintiff sent, in reply to defendant, a letter beginning with the words:

"Relative to your statement of even date and your check for $470.56, which you tender in settlement of our account, stating that plaintiff claimed a larger amount due and requesting an additional check from defendant."

To this defendant replied repeating the statement that the check was sent in full settlement of the account and explaining in detail the arrangement made with plaintiff's representative.　Notwithstanding this correspondence, plaintiff retained the check and converted it into cash. The retention of the check under these circumstances constituted an accord and satisfaction.

The judgment must therefore be reversed, with costs, and the complaint dismissed, with costs.　All concur.